UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Giovanni Livia,
                        Plaintiff,                        CV:15-3516

v.

Saban and Associates LLC aka
Saban & Associates aka Saban
and Associates Financial and
Credit Services, Inc aka Saban and
Associates, Inc; Haim Cohen Saban,
                        Defendant(s).
-------------------------------------------------------------X

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for declaratory, actual, punitive and statutory damages brought by Plaintiff, **Giovanni Livia**, an individual consumer,(hereinafter the "Plaintiff") against **Saban and Associates LLC aka Saban & Associates aka Saban and Associates Financial and Credit Services, Inc aka Saban and Associates, Inc. and Haim Cohen Saban** (hereinafter the "Defendants") for violations of the: Credit Repair Organizations Act, 15 U.S.C. Chapter 41, Subchapter II-A §1679 et seq (hereinafter "CROA"), which prohibits engaging in misleading and/or deceptive practices and in charging money in advance for services; New York Fair Debt Collection Practices Act §601; New York EDN Law §6512; New York Business Corporation Law §301 et seq.; for declaratory judgment; and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202;

2. Plaintiff alleges that the defendant has violated the CROA by engaging in deceptive and misleading practices and in charging money in advance for services.

3. The plaintiff further alleges that the defendant violated the NYFDCPA by harassing family members of the plaintiff.

4. The plaintiff further alleges that the defendant violated the NY EDN Law and engaged in the unauthorized practice of law.

5. Finally, the plaintiff further alleges that the defendant violated the NY CLS Bus Corp and NY GBA laws in conducting business under unregistered assumed names.

## II. JURISDICTION

6. Jurisdiction of this court arises under 15 U.S.C. §1679 and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here where the Plaintiff resides.

7. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and such have jurisdiction to rule on violation of the New York Fair Debt Collection Practices Act §601, New York Business Corporation Law §301 and NY EDN Law §6512.

## III. PARTIES

8. Plaintiff, **Giovanni Livia**, (hereinafter referred to as "**Plaintiff**") is a natural person residing in Kings County, New York; a "consumer" as that term is defined by 15 U.S.C. §1679a(1) and a person affected by a violation of the CROA and other claims with standing to bring this claim primarily under 15 U.S.C. §1679.

9. Defendant, **Saban and Associates LLC aka Saban & Associates aka Saban and Associates Financial and Credit Services, Inc aka Saban and Associates, Inc. and Haim Cohen Saban**, (hereinafter referred to as "**Defendants**") is a New York Limited Liability Company under the name **SABAN & ASSOCIATES, LLC** only and engaged in the business of repairing credit in New York State with its principal place of business at 2537 West Street, Brooklyn, NY 11223. The principal purpose of the Defendant is the repair of credit to consumers in this county and state and Defendant regularly attempts to repair credit. Defendant is a "credit repair organization" as that term is defined by 15 U.S.C. §1679a.

10. Defendant is engaged in the repair of credit to consumers for which the purpose of the Credit Repair Organizations Act 15 U.S.C. §1679 is to protect consumers, "particularly those of limited economic means" from "unfair or deceptive advertising and business practices".

## IV. FACTUAL ALLEGATIONS

11. On June 30, 2014, Plaintiff was referred to Defendant to repair his credit for which Plaintiff had a phone conversation and was explained by the Defendant how he will repair his credit for the fee of $5,200.00 and allegedly received permission to run his credit without a written signature.

12. On September 2, 2014, Plaintiff went to the office of Defendant and retained him for the initial retainer amount of $430.00. The Defendant had the Plaintiff sign an application with the letterhead, "Saban and Associates Financial and Credit Services, Inc."; a retainer with the letterhead "Saban and Associates, Inc."; and a limited power of attorney to "Saban and Associates, Inc.". **See exhibit "A"**.

13. On or about September 30, 2014, the Defendant also created and emailed legal documents for the Plaintiff to submit to the courts in the form of an Order to Show Cause to vacate the judgments of two creditors, and thereby engaging in the unauthorized practice of law. **See exhibit "B"**.

14. On October 22, 2014, Defendant charged another $500.00 to Plaintiff credit card without his authorization to do so.

15. On November 7, 2014, Defendant sent a threatening letter to the Plaintiff, entitled "PAYMENT IS DUE" from Saban and Associates. **See exhibit "C"**.

16. On January 11, 2015 the Plaintiff submitted a check for $500 to the Defendant and again on February 6, 2015 for another $500.00 for fear of a lawsuit after multiple threats from the Defendant.

17. On March 5, 2015, Defendant sent a letter to the UPS garnishment enforcement unit and to Kirschenbaum & Phillips, PC, from Saban and Associates in furtherance of their unauthorized practice of law and their deceptive use of their names. **See exhibit "D"**.

18. On March 17, 2015, Defendant sent a letter to falsely threaten and demanding payment or commencing legal action by The Law Offices of Richard Rodriguez, Corporate Legal Counsel, entitled "FINAL NOTICE BEFORE COMMENCEMENT OF LEGAL PROCEEDINGS" in which he also admits to contacting family members to collect the alleged debt and thereby further harassing and embarrassing Plaintiff. **See exhibit "E"**.

19. On March 17, 2015, Defendant sent a letter to the Plaintiff entitled "CUSTOMER ACCOUNT STATEMENT" with the letter head of "Saban and Associates Financial and Credit Services, Inc." **See exhibit "F"**.

20. On March 26, 2015, Defendant sent a letter to the mother of the Plaintiff which gave her detailed information to try to pressure payment, humiliate and embarrass him, as well as to again threaten a lawsuit. **See exhibit "G"**.

21. On or about March 30, 2015, Defendant sent a text message to the Plaintiff threatening payment or else a lawsuit and garnishment of his salary.

22. Plaintiff has had considerable embarrassment, anxiety and fear for himself and the financial well-being of his family, amongst other things. See attached **exhibit "H"**; Plaintiff Affidavit in Support.

23. The above-described collection communications made to Plaintiff by Defendants, was made in violation of multiple provisions of the CROA, including but not limited to 15 U.S.C. §§ 1679b(a)(1), 1679b(a)2, 1679b (b); New York General Business Law §601 and §§ 349-350-f; NY EDN Law §6512; New York Business Corporation Law §301; amongst others.

## V. SUMMARY

24. The above-described credit repair attempted for the Plaintiff by Defendant and/or Defendant employees, were made in violation of numerous and multiple provisions of the CROA, NY GBL, NY BCL and NY EDN, including but not limited to all of the provisions of each cited herein.

25. Defendant engages in abusive and deceptive practices in an effort to deceive the consumer into paying large amounts of money for services that clearly cannot be charged in advance; to deceive the consumer into thinking he has the ability to create legal documents in the unauthorized practice of law; and into using multiple, unlicensed and deceptive names for his business.

26. Plaintiff has suffered actual damages as a result of these illegal credit repair efforts.

27. Plaintiff has suffered from anger, anxiety, emotional distress and frustration, amongst other negative emotions.

28. This harassing and abusive form and manner of the collection efforts and letters, is an intentional abuse against the Plaintiff to collect this debt by the Defendant.

## FIRST CLAIM FOR RELEIF
## VI. CREDIT REPAIR ORGANIZATIONS ACT (CROA) VIOLATIONS

29. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

30. Defendants violated numerous provisions of the CROA. Defendant's willful violations include but are not limited to the following:

   (a) §1679b(a)(1)(A): "No person may make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading with respect to any consumer's credit worthiness, credit standing, or credit capacity to any consumer reporting agency.

   (b) §1679b(a)(3): No person may make or use any untrue or misleading representation of the services of the credit repair organization; or

   (c) §1679b(a)(4): No person may engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the or sale of the services of the credit repair organization.

   (d) §1679b(b: No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

31. On numerous occasions, the defendant advised and counseled the plaintiff to make misleading statements about his credit.

32. On numerous occasions, the defendant made misleading representations of the services of the credit repair company.

33. On numerous occasions, the defendant committed fraud and deception in connection with the sale of the services of the credit repair company.

34. On numerous occasions, the defendant has billed client in advance of services being rendered.

35. As a result of each of Defendants violations of the CROA, Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the CROA; actual damages pursuant to 15 U.S.C. §1679g(a)(1); punitive damages pursuant to 15 U.S.C. §1679g(a)(2); and reasonable attorney fees and costs from each Defendant pursuant to 15 U.S.C. §1679g(a)(3).

## SECOND CLAIM FOR RELIEF
## VII. <u>NEW YORK FAIR DEBT COLLECTION PRACTICES ACT</u>

36. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

37. The Plaintiff is a "consumer" as that term is defined in the New York Fair Debt Collection Practices Act § 600 of New York, or NY GBS Law §600.

38. The Plaintiff's relationship with the Defendants arose out of a "consumer debt" as that term in the New York Fair Debt Collection Practices Act § 600 of New York.

39. The Defendants were and are "principal creditor" as that term is defined by applicable provisions of the New York Fair Debt Collection Practices Act§ 600.

40. Pursuant to New York Fair Debt Collection Practices Act § 600 of New York, or NY GBS Law §601: "No principal creditor, as defined by this article, or his agent shall:

    a. "Knowingly collect, attempt to collect, or assert a right to any collection fee, attorney's fee, court cost or expense unless such charges are justly due and legally chargeable against the debtor: or"

    b. "Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such manner as can reasonably be expected to abuse or harass the debtor: or"

    c. "Threaten any action which the principal creditor in the usual course of his business does not in fact take; or"

    d. "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that right does not exist; or"

    e. "Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, government agency, or attorney at law when it is not."

41. On numerous occasions, the defendant knowingly and wrongfully threatened to sue for his illegal services and for the legal fees incurred with such a lawsuit, which are not legally chargeable.

42. On numerous occasions, the defendant communicated with the mother of the plaintiff to wrongfully abuse and harass her.

43. On numerous occasions, the defendant wrongfully threatened to sue the plaintiff, and as of the filing date of this action, they seem to be false threats for the purpose of harassment and are not in the usual course of the defendants business.

44. On numerous occasions, the defendant knowingly threatens to enforce a right to sue for his illegal services and for legal fees which are never disclosed in his retainer and do not exist.

45. On numerous occasions, the defendant sent completed legal documents and instructions for the plaintiff to file with the courts which simulate the appearance that they are an attorney at law or at the least authorized to complete these documents on behalf of the plaintiff.

46. Under the New York Fair Debt Collection Practices Act §601 the Defendant was and is prohibited from engaging in any conduct the natural consequences of which is to oppress, harass or abuse any person. All of the FDCPA violations are realleged and incorporated herein by this reference and taken together constitute the conduct prohibited by this section. The improper communications and threats have the harassing and oppressive affect as to create a situation to force payment out of fear and humiliation and as a method of collection in a clear effort to oppress the consumer for their own financial gains.

47. As a result, the Defendant is liable under New York Fair Debt Collection Practices Act § 602 Violations and penalties.

A. Except as otherwise provided by law, any person who shall violate the terms of this article shall be guilty of a misdemeanor and/or felony, and each such violation shall be deemed a separate offense.

B. The attorney general or the district attorney of any county may bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation.

### THIRD CLAIM FO RELIEF

### VIII. <u>NEW YORK EDN. LAW</u>

48. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

49. Pursuant to N.Y. EDN. LAW §6512(1): "Anyone not authorized to practice under this title who practices or offers to practice or holds himself out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts, or who practices any profession as an exempt person during the time when his

professional license is suspended, revoked or annulled, or who aids or abets an unlicensed person to practice a profession, or who fraudulently sells, files, furnishes, obtains, or who attempts fraudulently to sell, file, furnish or obtain any diploma, license, record or permit purporting to authorize the practice of a profession, shall be guilty of a class E felony."

50. Defendant created legal documents for Plaintiff to submit to the courts, limited power of attorney, affidavits, etc and follows along the court calendar to advise the Plaintiff on legal matters. Defendant clearly acts and holds himself out to provide the services of an attorney. **See exhibit "B"**. These acts are false and deceptive upon the courts and the Plaintiff who should have hired an attorney to handle his legal matters, not a non-attorney providing unlicensed "legal" services. According to the NYS attorney search, see attached **exhibit "I"**, the Defendant is not registered as a licensed attorney and is not licensed to practice law.

38. Defendant's acts represent the felonious unauthorized practice of law in New York State and is guilty of a class E felony.

A. Except as otherwise provided by law, any person who shall violate the terms of this article shall be guilty of a misdemeanor and/or felony, and each such violation shall be deemed a separate offense.

B. The attorney general or the district attorney of any county may bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation.

## FOURTH CLAIM FO RELIEF

## IX. NEW YORK BUSINESS CORPORATION LAW

39. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

40. Pursuant to NY CLS Bus Corp §301(a)(5)(B): "Except as otherwise provided in this chapter, the name of a domestic corporation or foreign corporation: Shall not contain any of the following words, or any abbreviation or derivative thereof:... finance".

41. Pursuant to NY GBS Law §130(1)(i): "No person shall hereafter carry on or conduct or transact business in this state under any name or designation other than his or its real name,".

42. Defendant uses various names which are false and deceptive in its nature as to the company qualifications, accreditations and services; including but not limited to "Saban and Associates Financial and Credit Services, Inc.; Saban and Associates, Inc.; and Saban & Associates". The Defendant intentionally creates false and misleading perceptions about his company to the public with names that are not

licensed with New York State, see attached **exhibit "J"**. The only registered name is Saban & Associates, LLC.

43. Defendant's acts represent violations of the NY CLS Bus Corp §301, NY GBS Law §130 and NY GBS Law §349 as deceptive practices; including conducting business under an unregistered assumed name which does constitute a deceptive business practice.

   A. Except as otherwise provided by law, any person who shall violate the terms of this article shall be guilty of a misdemeanor and/or felony, and each such violation shall be deemed a separate offense.

   B. The attorney general or the district attorney of any county may bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation.

## X. TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

   **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

   A. Declaratory judgment that Defendant's conduct violated the CROA or 15 U.S.C. §1679;

   B. Declaratory judgment that Defendant's conduct violated the NY GBS Law / NY FDCPA;

   C. Declaratory judgment that Defendant's conduct violated NY EDN;

   D. Declaratory judgment that Defendant's conduct violated NY CLS Bus;

   E. Actual damages pursuant to 15 U.S.C. §1679 against each Defendant;

   F. Punitive damages pursuant to 15 U.S.C. §1679 against each Defendant;

   G. Statutory damages of $1,000.00 per violation pursuant to NY GBL §601 and §§ 349-350-f and NY CLS Bus;

   H. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1679 against each Defendant; and

      I.  For such other and further relief as the Court may deem just and proper.

Dated this 16th day of June, 2015.

Respectfully submitted,
/s/ Darren Aronow
Darren Aronow, Esq.
Attorney for Plaintiff
The Law Office of Darren Aronow, PC
8B Commercial Street, Suite 1
Hicksville, NY 11801
516-663-0970 phone
516-303-0066 fax
Darren@dalawpc.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK )
) ss
COUNTY OF KINGS )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Giovanni Livia, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled Civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June, 8, 2015

_____
Giovanni Livia – Signature

Sworn and subscribed before me this
The 8th day of June, 2015.

_____
Notary Public

JOSEPH R. SORRENTINO
Notary Public, State of New York
No. 02SO6082476
Qualified in Kings County
Commission Expires 10/29/2018